IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DEBRA J. HILL,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | CV 09-136-BLG-RFC<br><br>Order Adopting Findings and<br>Recommendations of U.S. Magistrate Judge |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 20*) with respect to the parties' cross-motions for summary judgment. (*Docs. 13 & 16*).

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff has filed timely objections. (*Doc. 21*). Defendant responded to Plaintiff's objections. (*Doc. 22*). Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Plaintiff's objections are overruled.

1

Plaintiff objects to Judge Ostby's denial of her motion for summary judgment, arguing that Judge Ostby failed to incorporate Plaintiff's proposed uncontested findings of fact into the recommendation. Plaintiff also argues that the "Magistrate failed to require the Secretary to set forth specific legitimate reasons to ignore the medical findings which confirm Plaintiff's continued limitations."

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9 Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(i)-(v).

> 1. The claimant must first show that he or she is not currently

engaged in substantial gainful activity. *Tackett*, 180 F.3d at 1098.

2. If not so engaged, the claimant must next show that he or she has a severe impairment. *Id.*

3. The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (hereafter "Listing of Impairments"). *Id.* If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis proceeds to the fourth step.

4. If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here. *Id.* "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step." *Id.* at 1098-1099.

5. If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If an adjustment to other work is possible then the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but at the fifth step the Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that the claimant can perform. *Id.* The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Id.* If the Commissioner is unable to meet this burden

3

then the claimant is disabled and entitled to benefits. *Id.*

The ALJ followed the five step sequential evaluation process when assessing Hill's claims. The ALJ first found that Hill had not engaged in substantial gainful activity since her alleged onset date of April 4, 2004.

Second, the ALJ found that Hill has the following severe impairments: "diabetes mellitus; status post right rotator cuff repair times 2; bipolar disorder; mixed personality disorder, not otherwise specified; and borderline intellectual functioning[.]" Tr. at 11.

Third, the ALJ found that Hill does not have impairment or a combination of impairments that meet or medically equal any one of the impairments in the Listing of Impairments. Tr. at 11-14.

Fourth, the ALJ found that Hill has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday. She can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. She can push and/or pull on a frequent basis with her right upper extremity. She can climb ramps/stairs, balance, stoop, kneel, crouch, and crawl frequently. She can climb ladders, ropes, or scaffolds occasionally. She can reach overhead occasionally with her right arm. She should avoid concentrated exposure to hazards

such as moving machinery and unprotected heights. She should perform work that requires only occasional interactions with the public and co-workers and that interaction should be on a brief, superficial basis. She can ask simple questions or request assistance, and accept instructions and respond appropriately to criticism from supervisors. She can understand, remember, and carry out very short and simple work instructions. She can remember locations and work-like procedures. She can maintain attention and concentration for extended periods to perform simple work tasks. She can perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. She can sustain an ordinary routine without special supervision. She can make simple work-related decision[s]. She can complete a normal workday and workweek without interruptions from psychologically based symptoms, and she can perform at a consistent pace without an unreasonable number and length of rest periods. She can respond appropriately to changes in the work setting. She can travel in unfamiliar places or use public transportation. She can set realistic goals or make plans independently of others.

Tr. at 14-15.

Fifth, the ALJ found that Hill could perform jobs that exist in significant numbers in the national economy in light of her age (46 years old at the time of her alleged onset date), education and RFC. Tr. at 27-28.

Contrary to the assertions made by Plaintiff, the ALJ meticulously reviewed his rationale for rejecting significant and probative evidence in his assessment of Plaintiff's credibility and RFC. The ALJ issued an extremely detailed 22-page decision that includes approximately 12 pages of relevant medical evidence,

5

opinions and testimony. Tr. at 15-27. The ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in accordance with Social Security regulations. Tr. at 15. This demonstrates the ALJ was aware of his obligation to consider all the evidence.

The ALJ gave specific, clear and convincing reasons for finding that Hill was not entirely credible with respect to allegations that she is incapable of all work activity. The ALJ did not entirely reject Hill's allegations, but was careful to parse out those allegations that he found credible from those that he found incredible. First, the ALJ found that Hill's medical history over time is not necessarily consistent with her claim of disabling symptoms and limitations. Second, the ALJ noted that, since her alleged onset date, Hill has been able to function and do relatively well with her mental health impairments when she is in compliance with her treatment and medication recommendations. Third, the ALJ pointed to evidence of Hill's failure to comply with courses of treatment for her conditions, which is a factor which may be considered in assessing credibility. Fourth, the ALJ described Hill's inconsistent statement regarding her illicit drug use, drug-seeking behavior, medical history, and panic attacks. Fifth, the ALJ observed that Hll's claim with respect to the frequency, duration, severity of some

claimed condition were inconsistent with the medical report.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision denying DIB and SSI is **AFFIRMED**, and Hill's Motion for Summary Judgment (*Doc. 13*) is **DENIED** and the Commissioner's Motion for Summary Judgment (*Doc. 16*) is **GRANTED**. Judgment shall be entered in favor of the Commissioner.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 4 day of August, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE